O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRANK EVANS,<br><br>    Petitioner,<br><br> vs.<br><br>TERRI GONZALEZ, Warden,<br><br>    Respondent. | CASE NO. CV 12-4472 VBF (RZ)<br><br>ORDER SUMMARILY DISMISSING HABEAS ACTION |

  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Petitioner's only claim is that he is "actually innocent." This assertion supplies no cognizable basis for federal habeas relief. Accordingly, the Court will dismiss the action summarily.

**I.**

**INTRODUCTION**

  Petitioner was convicted of conspiracy to commit murder in 1995. His appeals ended over a decade ago. In 2011, he began a series of unsuccessful state habeas

petitions, asserting in each the sole claim of "actual innocence." Pet. ¶ 6. After the California Supreme Court denied relief on April 11, 2012, he filed the present federal habeas petition, again asserting only that new evidence shows him to be "actually innocent."

## II.
## "ACTUAL INNOCENCE" MAY EXCUSE UNTIMELINESS OR PROCEDURAL DEFAULT BUT SUPPLIES NO FREESTANDING BASIS FOR FEDERAL HABEAS RELIEF

Even if Petitioner's submissions demonstrate that he is "actually innocent" of conspiracy to commit murder, he still states no cognizable basis for federal habeas relief. "Actual innocence," once it is rigorously proven in a test that is not relevant here, is not a freestanding federal claim but rather supplies only a "gateway" through which other claims may pass for consideration on their merits when they otherwise would be barred. In *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), the Supreme Court held that "actual innocence" may permit a petitioner to file an otherwise-barred *successive* petition. In *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc), the Ninth Circuit construed the "actual innocence" gateway to permit consideration of *untimely* petitions. (Petitioner, whose action challenging a 17-year old conviction otherwise appears untimely, indeed prominently cites *Lee*.)

But "actual innocence" is *only* a "gateway" to permit consideration of other claims that would otherwise be barred. It is "'not itself a constitutional claim . . . .'" *Schlup*, 513 U.S. at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)); *see Rocha v. Thaler*, 626 F.3d 815, 818, 824-25 (10th Cir. 2010) (rejecting argument that proof of "actual innocence" alone necessitated grant of habeas relief even to petitioner facing death penalty). In *Lee*, for example, the petitioner asserted several other, true claims. Petitioner does not. Relief is plainly unavailable.

The Court has considered granting Petitioner leave to amend, but in this particular instance that would be futile.  Petitioner expressly indicates that the *only* claim he recently exhausted in the California courts was "actual innocence."  Thus, any possible claim(s) that Petitioner might add in an amended petition would be unexhausted.

## III.
## CONCLUSION

For the foregoing reasons, the Court DISMISSES the action with prejudice.

DATED:   6-22-12

*Valerie Baker Fairbank*
_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE